**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDWARD BRIAN CRIST,

     Petitioner,

v.                                    No. 16-CV-01276-RB-LF

STATE OF NEW MEXICO,

     Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, for preliminary consideration of Petitioner Edward Brian Crist's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person in State Custody, filed on November 21, 2016. [Doc. 1] Also before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915, filed on December 7, 2016. [Doc. 6] Because it appears that Petitioner is unable to prepay the $5 filing fee,[1] Petitioner's Application will be granted. For the reasons explained below, the Court determines that it lacks jurisdiction over Petitioner's § 2254 motion. Therefore, Petitioner's § 2254 motion will be dismissed for lack of jurisdiction, all pending motions will be denied as moot, a certificate of appealability will be denied, and judgment will be entered.

On November 1, 2016, Petitioner filed the present § 2254 motion challenging his "pending" criminal charges in State of New Mexico District Court and Bernalillo County Metropolitan Court. [Doc. 1] *See State of New Mexico v. Crist*, D-202-201601969 and *State of*

---

[1] *See* 28 U.S.C. § 1914(a) (providing "that on application for writ of habeas corpus the filing fee shall be $5").

*New Mexico v. Crist*, T-4-FR-2016003101. Petitioner contends that he was falsely arrested, that his trial counsel is ineffective, and that Detective Joe Lopez falsified documents and testified falsely before the Grand Jury. Petitioner seeks the dismissal of all pending charges in *State of New Mexico v. Crist*, D-202-201601969 and immediate relief. [Doc. 1 at 15]

Title 28 of the United States Code, section 2254 provides, in relevant part, that the "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2254(a). "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State Court.'" *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The term "judgment of a State Court Court" within § 2254 "refers only to conviction and sentence." *Walck v. Edmondson*, 472 F.3d 1227, 1234 (10th Cir. 2007). "Section 2254's in-custody requirement is jurisdictional." *McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009).

Petitioner was not in custody pursuant to a state court judgment at the time his § 2254 motion was filed because his state charges in D-202-201601969 were still pending. Petitioner "is best described as a pretrial detainee" and "a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained in 28 U.S.C. § 2241." *Walck*, 472 F.3d at 1235. Thus, a habeas petition pursuant to "§ 2241 is the proper avenue by which to challenge pretrial detention." *Id.*

This Court has the authority to recharacterize Petitioner's § 2254 motion as a § 2241 motion. *See Castro v. United States*, 540 U.S. 375, 377 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). However, this Court declines to recharacterize Petitioner's § 2254 motion because Petitioner is no longer in state pretrial

detention in D-202-201601969 or T-4-FR-2016003101. The docket in T-4-FR-2016003101 reflects that the criminal charges in that case were dismissed on June 27, 2016 because the case was "transferred to the district court on Grand Jury Indictment." *See State of New Mexico v. Crist*, T-4-FR-2016003101, *available at* https://caselookup.nmcourts.gov/caselookup/app; *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (recognizing that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The docket in D-202-201601969 reflects that the criminal charges in that case were dismissed on March 6, 2017 by the filing of a *nolle prosequi* because "the case is being referred for federal prosecution." [Doc. 17] *See State of New Mexico v. Crist*, D-202-201601969, *available at* https://caselookup.nmcourts.gov/caselookup/app; *see also Wilkins v. DeReyes*, 528 F.3d 790, 802 n.8 (10th Cir. 2008) (noting that "[a] *nolle prosequi* represents a legal notice that a . . . prosecution has been abandoned") (internal quotation marks and citation omitted). Because there no longer are any state criminal charges pending against Petitioner and the relief sought in his motion (i.e. the dismissal of all "charges in criminal complaint CR-16-1969") already has been granted to him, the Court concludes that the claims raised in his § 2254 motion are moot. *See Howell v. Valenti*, 842 F.2d 1291 (4th Cir. 1988) (holding that the petitioner's § 2254 motion was rendered moot by the filing of "a *nolle prosequi* of all charges against [the petitioner] related to the subject matter of the petition") (per curiam) (unpublished).

Although there are no pending *state* criminal charges against Petitioner, the Court notes that there are pending *federal* criminal charges against Petitioner in the United States District Court for the District of New Mexico in *United States v. Crist*, No. 16-CR-4356-JCH (D.N.M.

November 15, 2016). Indeed, some of Petitioner's recent filings ask the Court to take judicial

notice of the documents filed in No. 16-CR-4356-JCH and appear to raise constitutional claims

challenging his federal pretrial detention. [*See* Docs. 15, 16] As previously explained, a § 2241

motion is the proper procedural vehicle to challenge pretrial detention. *See Walck*, 472 F.3d at

1235. The Court declines to recharacterize Petitioner's § 2254 motion as a § 2241 motion

challenging his federal pretrial detention in No. 16-CR-4356-JCH because he was not "in

custody" on federal charges at the time his motion was filed. *See United States v. Crist*, 16-CR-

04356-JCH, Docs. 5, 6 (D.N.M. January 13, 2017) (issuing a writ of habeas corpus *ad*

*prosequendum* for custody of Petitioner until completion of federal case); *see also Maleng v.*

*Cook*, 490 U.S. 488, 491 (1989) (noting that § 2241(c)(3) requires "that the habeas petitioner be

'in custody' under the conviction or sentence under attack at the time his petition is filed").

Additionally, "[t]o be eligible for habeas corpus relief under § 2241, a federal pretrial detainee

generally must exhaust other available remedies." *Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir.

2004) (unpublished).

> The reasons for this requirement are rooted not in comity (as is the
> case with state prisoners), but in concerns for judicial economy.
> Allowing federal prisoners to bring claims in habeas proceedings
> that they have not yet, but still could, bring in the trial court, would
> result in needless duplication of judicial work and would
> encourage "judge shopping."

*Id.* at 247-48. Thus, Petitioner must pursue and exhaust the available remedies in his federal

criminal proceeding, 16-CR-4356-JCH, before filing a petition for writ of habeas corpus

challenging his federal pretrial detention pursuant to 28 U.S.C. § 2241.

For the foregoing reasons, the Court concludes that it lacks jurisdiction over Petitioner's

§ 2254 motion and, therefore, the motion will be dismissed without prejudice and all pending

motions will be denied as moot. The Court further concludes, pursuant to 28 U.S.C. § 2253(c)(2)

and Rule 11 of the Rules Governing Section 2254 Cases In The United States District Courts, that Petitioner has failed to make a substantial showing that he has been denied a constitutional right and, therefore, a certificate of appealability will be denied and judgment will be entered.

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915 [Doc. 6] is GRANTED;

IT IS FURTHER ORDERED that Petitioner's § 2254 motion [Doc. 1] is DISMISSED for lack of jurisdiction and all pending motions are DENIED as moot;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED and judgment will be entered.

UNITED STATES DISTRICT JUDGE